IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Lamar Josiah McDaniels, <br><br> PLAINTIFF, <br><br> v. <br><br> J. Reuben Long Detention Center, Medicko, <br><br> DEFENDANTS. | Case No. 6:19-cv-01820-TLW <br><br> **Order** |

Plaintiff Lamar McDaniels, proceeding *pro se*, brings this civil action pursuant to 42 U.S.C. § 1983, asserting deliberate indifference to medical needs. ECF No. 1. The Plaintiff is a pretrial detainee at J. Rueben Long Detention Center (the Detention Center), and he asserts that his constitutional rights were violated when he did not receive proper medical treatment after a head injury. *Id*. The matter now comes before the Court for review of the Report and Recommendation (Report) filed by the Magistrate Judge to whom this case was assigned.  ECF No. 14.

In the Report, the Magistrate Judge recommended that this case be dismissed with prejudice and without leave for further amendment for failure to state a claim upon which relief may be granted and pursuant to Federal Rule of Civil Procedure (FRCP) 41(b) for failure to comply with a court order. *Id*. at 5. Before issuing the Report, the Magistrate Judge issued an order stating that Plaintiff's complaint was subject to dismissal for failure to state a claim upon which relief may be granted because Plaintiff had not named an amenable party to the suit under § 1983. ECF No. 11 at 3. The Magistrate Judge found that neither named defendant is subject to suit under 42 U.S.C. § 1983 because neither defendant is a "person"

1

acting under color of state law as required to have a viable § 1983 claim. ECF No. 11. The Magistrate Judge stated that the Detention Center is a building, not a person, and does not act under color of state law. *Id*. at 3.  Similarly, the Magistrate Judge stated that Medicko, the medical department of the Detention Center, is not a "person" for purposes of § 1983 and is therefore not an entity that can be sued. *Id*. at 4. In light of those defects, the Magistrate Judge allowed Plaintiff 14 days in which to file an amended complaint. *Id*. After Plaintiff failed to file an amended complaint within the 14 days, the Magistrate Judge issued the Report recommending that Plaintiff's suit be dismissed for failure to state a claim upon which relief may be granted and pursuant to FRCP 41(b) for failure to comply with a court order. ECF No. 14.

After the Report was filed, Plaintiff submitted documents that were deemed objections to the Report. ECF No. 16. The documents appeared to name two individuals as potential defendants, so this Court issued an order allowing Plaintiff an additional 21 days to file an amended complaint to correct the defects articulated in the Magistrate Judge's Report. ECF No. 19. In that order, this Court advised that if an amended complaint was not filed, "the case shall be dismissed for the reasons articulated in the Report and Recommendation." *Id*. The amended filing was due by June 22, 2020. ECF No. 21. It is now November 24, 2020, and Plaintiff has once again failed to file an amended complaint. This matter is now ripe for decision and this Court will rule on the Report.

In reviewing the Report, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . .  The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination.  The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made.  However, the Court is not

required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Hous. Auth. of City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in *Wallace*, the Court has reviewed, *de novo*, the Report and the objections. After careful review of the Report and the objections, and for the reasons stated by the Magistrate Judge, the Report, ECF No. 14, is **ACCEPTED**. Plaintiff's objections, ECF No. 16, are **OVERRULED**. Plaintiff's Complaint, ECF No. 1, is **DISMISSED.**

**IT IS SO ORDERED**.

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

November 30, 2020
Columbia, South Carolina

3